# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAZEL V. PETERSON, | : | No. 3:18cv2222 |
|     Plaintiff/ | : | |
|     Counterclaim Defendant | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| JOHNSTON & RHODES | : | |
| BLUESTONE, CO., | : | |
|     Defendant/ | : | |
|     Counterclaim Plaintiff | : | |

## MEMORANDUM

Before the court for disposition is a motion to dismiss filed by Plaintiff/Counterclaim Defendant Hazel V. Peterson in this contract action case. The parties have briefed the pending motion, and it is ripe for disposition.

**Background**

In March of 2011, Hazel V. Peterson and Johnston & Rhodes Bluestone, Co. entered into a Lease Agreement (hereinafter "Agreement"). (Doc. 1, Compl. ¶ 4). The Agreement stated that Peterson would lease Johnston & Rhodes a quarry and ledge in the Southeast corner of Peterson's property, which was located in Equinunk, Wayne County, Pennsylvania. (Id. ¶ 4). The Agreement further stated that Johnston & Rhodes would pay Peterson $50,000 per calendar year up until year 2021 for the use of her property. (Id. ¶ 6). Johnston & Rhodes

began quarrying Peterson's land in 2011 and continued to pay Peterson in accordance with the Agreement until 2017. (Id. ¶ 5).

In 2017, Peterson contends that Johnston & Rhodes paid her only $33,535.41 of the $50,000.00 due. Then, in March of 2018, Johnston & Rhodes stopped working at the quarry. (Id. ¶ 5). Johnston & Rhodes have not paid Peterson any money since 2017. (Id. ¶ 6). Peterson alleges that per the Agreement, Johnston & Rhodes owes her $16,464.59 for the year 2017, and $50,000.00 for each subsequent year up until the expiration of the Agreement in March of 2021. (Id. ¶ 8). Johnston & Rhodes have refused to compensate Peterson. (Id. ¶ 8). As such, Peterson filed the instant Complaint against Johnston & Rhodes on November 19, 2018, requesting a total of $216,464.59 for the breached agreement. In addition, Peterson demands $200,000 to properly close the quarry. (Id. ¶ 9). In total, Peterson requests $416,464.59 in damages. (Id. ¶ 10).

On January 16, 2019, Johnston & Rhodes filed a counterclaim against Peterson alleging unjust enrichment and quantum meruit claims. (Doc. 5, Answer ¶ 13, 17). Johnston & Rhodes alleges that it improved a roadway on Peterson's property, but is now unable to utilize that road. (Id. ¶ 6). According to Johnston & Rhodes, Peterson received a benefit from the improvement of the

road and she knowingly and willingly accepted and retained that benefit. (Id. ¶ 10).

On January 25, 2019, Peterson (hereinafter "Counterclaim Defendant") filed a motion to dismiss the counterclaims against her. (Doc. 6). In the meantime, on February 14, 2019, the parties filed a joint motion to stay the proceedings so that the parties could attempt mediation. (Doc. 9). We granted that motion, and the case was stayed until April 24, 2019. (Doc. 16). On April 26, 2019, Johnston & Rhodes (hereinafter "Counterclaim Plaintiff") filed its brief in opposition to Counterclaim Plaintiff's motion to dismiss, bringing this case to its present posture. (Doc. 17).

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Counterclaim Plaintiff Johnston and Rhodes Bluestone Co., is a New York corporation with its principal place of business also in New York. (Doc. 1, Compl. ¶ 2). Counterclaim Defendant Hazel V. Peterson is a citizen of the State of Florida. (Id. ¶ 2). Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, we have jurisdiction over the case. See 28 U.S.C. § 1332. As a court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v.

3

Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Counterclaim Defendant filed her motion to dismiss Counterclaim Plaintiff's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, " 'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.' " Colburn v. Upper Darby Twp., 838 F.2d 663, 665–66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234–35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,

4

1384 n. 2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that Counterclaim Plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a counterclaim plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).

**Discussion**

Counterclaim Defendant seeks dismissal of Counterclaim Plaintiff's unjust enrichment and quantum meruit claims on the basis that that the counterclaims do not plead enough facts to state a plausible basis for relief. Counterclaim Defendant further argues that because the counterclaims arise from facts surrounding an alleged breach of contract claim, suggesting that a contract did in fact exist between the parties, claims for unjust enrichment or quantum meruit cannot be made.

In response, Counterclaim Plaintiff argues that we should deny the instant motion to dismiss because the counterclaims of unjust enrichment and quantum meruit are distinct from the alleged breach of contract claim. Although both parties acknowledge that a contract did exist between them regarding the leasing of Counterclaim Defendant's quarry, the Agreement is devoid of any provision which speaks to compensation for Johnston & Rhodes' substantial improvements to a roadway on Counterclaim Defendant's property. Further, Counterclaim Plaintiff argues that it has adequately pled enough facts to support its claims.

It is true that claims for unjust enrichment and quantum meruit generally arise in the absence of a contract. See Commonwealth v. TAP Pharma. Prods., Inc., 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005). Further, a plaintiff must prove the same elements for unjust enrichment as quantum meruit. Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 447 (3d Cir. 2000). A party claiming unjust enrichment and/or quantum meruit "must establish the following: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit." TAP Pharma. Prods., 885 A.2d at 1137 (citing Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. Ct. 1993)).

The existence of an express contract between the parties will not, however, in and of itself, always preclude an unjust enrichment claim. See Phila. Hous. Auth. v. CedarCrestone, Inc., 562 F. Supp. 2d 653, 656 (E.D. Pa. 2008). Rather, at the motion to dismiss stage, we must determine "whether there is any dispute as to the existence of the express contract and whether the scope of the contract includes the transaction that is the basis for the claim." Id. Put another way, we must find:

> that the contracts entered by the parties ... encompass the work that is the subject of [the] claim ... that the relationship between [the parties] regarding the subject of [the] claim is founded on the contracts ... [t]aking the facts pled in [the] amended complaint as true and resolving all doubts in favor of [the non-movant] ...

Id. (quoting HCB Contractors v. Rouse & Assocs., Inc., No. 91-5350, 1992 WL 176142, at *7 (E.D. Pa. July 13, 1992)).

Here, the Counterclaim Plaintiff has alleged that it incurred substantial costs improving a roadway on the property of Counterclaim Defendant and is now not able to use that roadway. (Doc. 5, Answer ¶¶ 5-6). According to Counterclaim Plaintiff, the Counterclaim Defendant received a benefit from the improved roadway and knowingly and willingly accepted that benefit. (Id. ¶ 10). The Counterclaim Plaintiff has not been compensated by the Counterclaim Defendant for the benefit rendered. (Id. ¶ 11). Because of this, Counterclaim Plaintiff argues that Counterclaim Defendant was unjustly enriched. We find that

7

at this stage in the litigation, the Counterclaim Plaintiff has alleged sufficient facts to support its claims.

Moreover, although the case revolves around a contract dispute, and the parties appear to agree that a contract did in fact exist between the parties related to the quarrying of Counterclaim Defendant's land, a substantial question exists as to whether that contract covers the improvement of a roadway by the Counterclaim Plaintiff. As such, we will deny the motion to dismiss Counterclaim Plaintiff's unjust enrichment and quantum meruit claims.

**Conclusion**

For the foregoing reasons, Counterclaim Defendants' motion to dismiss (Doc. 5) will be denied as it pertains to Counterclaim Plaintiff's unjust enrichment and quantum meruit claims. An appropriate order follows.

**BY THE COURT:**

Date: July 16, 2019

**James M. Munley_____**
**JUDGE JAMES M. MUNLEY**
**United States District Judge**